

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-6-2007

# Dahlan v. Dept Homeland

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5546

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Dahlan v. Dept Homeland" (2007). *2007 Decisions*. Paper 1669.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1669

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-5546
_____

MARWAN DAHLAN,

Appellant

v.

DEPARTMENT OF HOMELAND SECURITY; ATTORNEY GENERAL USA;
EDMOND CICCHI, the warden wherever the Plaintiff is held/Detained/imprisoned;
MIDDLESEX COUNTY DETENTION FACILITY MEDICAL STAFF;
MIDDLESEX COUNTY DETENTION FACILITY DENTAL STAFF;
MIDDLESEX COUNTY OFFICER/DIRECTOR OF MEDICAL DEPARTMENT;
MIDDLESEX COUNTY DETENTION FACILITY ANY
CONTRACT MEDICAL STAFF USED BY THE MIDDLESEX COUNTY;
JERRY BERKOWITZ
_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 04-CV-05161)
District Judge: Honorable Joel A. Pisano
_____

Submitted Under Third Circuit LAR 34.1(a)
February 5, 2007

Before: FISHER, ALDISERT and WEIS, <u>CIRCUIT JUDGES</u>.

(Filed: February 6, 2007)
_____

OPINION
_____

PER CURIAM

Marwan Dahlan appeals from orders of the United States District Court for the District of New Jersey, dismissing his complaint. For the reasons given below, we will affirm.

## I.

Dahlan filed a complaint against the Department of Homeland Security (DHS), Attorney General Ashcroft, Middlesex County Adult Correctional Center Medical and Dental Staff ("MCACC medical staff"), and Edmond Cicchi, the Warden of Middlesex County Adult Correctional Facility, alleging that the conditions of his confinement as an immigration detainee and the denial of medical care violated his constitutional rights. Dahlan applied to proceed in forma pauperis, and the District Court, pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii), determined that Dahlan had failed to state a claim as to his conditions of confinement claims, as he had not alleged facts indicating that he had been subjected to extreme deprivation. The Court noted that it was conceivable that Dahlan could supplement his pleading with facts sufficient to state a claim regarding his medical care, and thus allowed the medical care claims to proceed. The Court dismissed the complaint as to Attorney General John Ashcroft, as Dahlan had not alleged any personal involvement on the part of the Attorney General. Dahlan filed an amended complaint, adding claims that he was denied sufficient law library time and materials and that he had not been permitted to pray with other Muslims, and reiterating his claims concerning the conditions of confinement and his claims regarding his medical care. At that time he also

2

named additional MCACC staff ("other MCACC defendants") and the law library director, Jerry Berkowitz, as defendants.

DHS filed a motion to dismiss, which the District Court granted in June 2005, finding that Dahlan's release from the corrections facility mooted his requests for injunctive relief, and that his damage claims were not cognizable against the DHS. On October 17, 2005, the court granted Warden Cicchi's motion to dismiss, which Dahlan had failed to answer, despite being given an extension of time to do so. Cicchi had argued that Dahlan's amended complaint merely reiterated the conditions of confinement claims that had already been dismissed in his first complaint, and, to the extent he raised claims regarding his medical treatment, he was not alleging that he was denied medical treatment, but only disagreed with the manner in which he was treated. In December 2005, Dahlan filed a notice of appeal, despite the fact that not all defendants had been dismissed from the case.

Subsequent to Dahlan's noticing an appeal, Berkowitz filed a motion to dismiss, and the MCACC parties filed a motion for summary judgment. The District Court granted those motions on December 27, 2005, and closed the case. The District Court granted Berkowitz's motion to dismiss because Dahlan's amended complaint merely reiterated previously dismissed claims; and, in the alternative, because Dahlan's claim that Berkowitz had denied him access to the courts lacked factual support. The Court granted the MCACC parties' motion because the defendants did not violate Dahlan's rights in providing medical and dental care, no evidence proved that the defendants acted

3

in a deliberately indifferent manner in providing care, no evidence demonstrated that Dahlan's medical needs were serious, and Dahlan had failed to raise any issues of material fact with regard to his medical care.

## II.

At the time Dahlan filed his notice of appeal, the District Court had not yet dismissed the complaint as to all parties. However, when a notice of appeal is filed before a final decision has been made but is followed by a final appealable order, the premature notice of appeal is treated as an appeal from the final order in the absence of a showing of prejudice to respondent. Cape May Greene, Inc. v. Warren, 698 F.2d 179, 185 (3d Cir. 1983); 2-J Corp. v. Tice, 126 F.3d 539 (3d Cir. 1997). As the District Court's December 27, 2005 order dismissed the complaint as to the remaining parties and closed the case, and as no party has alleged prejudice, the decisions are now appealable, and we have jurisdiction to consider the appeal.

## III.

In his brief, Dahlan lists six grounds for appeal. Although the grounds are not entirely clear, we will address each one briefly. Dahlan alleges that the District Court "refused to address the complaint against City of Perth Amboy . . ." and "refused to address 'Petition for Solution' . . . ." The District Court docket sheet does not reflect any complaint against Perth Amboy, nor any document titled "Petition for Solution." We therefore do not find any error in the District Court's alleged failure to address the documents. Dahlan alleges that the Court "refused to address complaint against

4

Homeland Security (DHS), staff or amend parties to the pending complaint or even acknowledge receiving complaint." However, the District Court's June 21, 2005 order clearly addresses and dismisses the complaint against DHS. We find no error in the District Court's decision to dismiss DHS from the case, as we agree that Dahlan alleged no legal basis for claims against the United States or its agencies. Dahlan also argues that the District Court erred in failing to appoint an attorney. We find that the District Court did not abuse its discretion in denying the motion for appointment of counsel, as Dahlan appeared to be capable of presenting the case, the issues were not complex, and his release from incarceration facilitated his ability to pursue the action.[1] Tabron v. Grace, 6 F.3d 147, 156 (3d Cir. 1993).

Dahlan's remaining two grounds for appeal are that the District Court "refused to address Petitioner knee problem," and that the Court "refused to address detention conditions such as, address medical issues within timely manner, refused to address meals that was served with unusual manner, and with filthy objects, also declined to address the hygiene problem at the units, furthermore the court declined to address the issue where the petitioner was housed in a unit with TB, and Hepatitis infected immigrants." Contrary to Dahlan's assertion, the District Court did address these issues, both in its opinion and order of December 6, 2004, and in its orders of October 17, 2005, and December 27, 2005.

---

[1]We similarly denied Dahlan's motion for appointment of counsel in this appeal.

5

The District Court properly analyzed Dahlan's situation as an immigration detainee to be comparable to that of a pretrial detainee. See Edwards v. Johnson, 209 F.3d 772, 778 (5th Cir. 2000). In the pretrial detainee setting, a claim asserting unconstitutional conditions of confinement is reviewed pursuant to the Due Process Clause. See Hubbard v. Taylor, 399 F.3d 150, 158 (3d Cir. 2005). The test is whether the challenged conditions amount to punishment under the Due Process Clause. See id. Absent a showing of express intent to punish, the determination will normally turn on whether the conditions have an alternative purpose and whether the conditions appear excessive in relation to that purpose. See id. (citing Bell v. Wolfish, 441 U.S. 520, 538-39 (1979)). The inquiry into whether given prison conditions constitute punishment under the Due Process Clause considers the totality of the circumstances within a given institution. See id. (citations omitted). Here, Dahlan did not present any evidence to show that any of the named defendants had an express intent to punish him by way of the prison conditions. Although some of the conditions Dahlan described were undoubtedly unpleasant, he did not show that the conditions were excessive in relation to the prison's interest in maintaining security and effectuating his detention. Bell, 441 U.S. at 540.[2] As

_____

[2]We note that the District Court analyzed the conditions of confinement claims under the Eighth Amendment "for the sake of convenience." We have cautioned that an Eighth Amendment analysis is not applicable to a pretrial detainee's claims that conditions of confinement violate his constitutional rights; rather, the analysis should be whether the conditions amounted to "punishment" and therefore violated the detainee's Due Process rights. Hubbard, 399 F.3d at 164. However, given the District Court's emphasis on the test enunciated in Bell, we are confident that its analysis was guided by Bell, and we will affirm the District Court's holding that Dahlan's conditions of

6

to his medical claims, we agree that Dahlan did not show deliberate indifference on the part of any of the named defendants to his serious medical needs.  We will therefore affirm the District Court's orders.

---

confinement claims were without merit.